**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: THE VILLAGE AT LAKERIDGE, LLC, FKA Magnolia Village, LLC,<br><br>        Debtor,<br><br>――――――――――――――――<br><br>U.S. BANK N.A., Trustee, et al., by and through CWCapital Asset Management LLC, solely in its capacity as Special Servicer,<br><br>        Appellant,<br><br>  v.<br><br>THE VILLAGE AT LAKERIDGE, LLC,<br><br>        Appellee,<br><br>ROBERT ALAN RABKIN,<br><br>        Real Party in Interest. | No. 13-60038<br><br>BAP No. 12-1456<br><br><br>MEMORANDUM[*] |
| In re: THE VILLAGE AT LAKERIDGE, LLC, FKA Magnolia Village, LLC,<br><br>        Debtor, | No. 13-60039<br><br>BAP No. 12-1474 |

――――――――――――

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S. BANK N.A., Trustee, et al., by and through CWCapital Asset Management LLC, solely in its capacity as Special Servicer,

Appellant,

v.

THE VILLAGE AT LAKERIDGE, LLC,

Appellee,

ROBERT ALAN RABKIN,

Real Party in Interest.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges, and LASNIK,[**] District Judge.

The bankruptcy court did not err in declining to designate Rabkin's claim as being assigned and voted in bad faith pursuant to 11 U.S.C. § 1126(e). We affirm.

---

[**] The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

We review for clear error the bankruptcy court's finding that a party acted in good faith. *Figter Ltd. v. Teachers Ins. & Annuity Ass'n of Am. (In re Figter Ltd.)*, 118 F.3d 635, 638 (9th Cir. 1997). In reviewing a decision for clear error, we

> may *not* look to what we would have done had we been in the trial court's place in the first instance, because that review would be de novo and without deference. Rather, the scope of our review limits us to determining whether the trial court reached a decision that falls within any of the permissible choices the court could have made.

*United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (citing *United States v. Yellow Cab Co.*, 338 U.S. 338 (1949)).

Under § 1126(e), "the court may designate any entity whose acceptance or rejection of [a reorganization] plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title." Acceptance or rejection is made in bad faith if a creditor is "not attempting to protect [his] own proper interests, but [is], instead, attempting to obtain some benefit to which [he is] not entitled," such as an "untoward advantage over other creditors for some ulterior motive." *In re Figter Ltd.*, 118 F.3d at 638–39. Ulterior motives include "malice, 'strikes' and blackmail," or attempts to "destroy an enterprise in order to advance the interests of a competing business." *Id.* at 639 (citation omitted). A creditor who attempts "to preserve what he reasonably perceives as his fair share of the debtor's estate" does not act in bad faith. *Id.*

(citation omitted). However, a debtor's attempt to sell claims against itself to "an insider or affiliate for the purpose of blocking a plan, or fostering one [has been] seen as a badge of bad faith." *Id.*

The bankruptcy court considered all relevant facts and concluded Rabkin did not vote for Lakeridge's reorganization plan in bad faith. The court acknowledged that Rabkin had not conducted much due diligence, but noted that the claim's purchase price was "relatively small" and "had the potential for a big payoff." The court determined that Rabkin had engaged in speculative investing with no bad motive. The court also acknowledged that Rabkin had refused to accept U.S. Bank's offer to buy his claim for more than he could recover under the proposed reorganization plan, but noted that Rabkin's refusal was "really not surprising given the circumstances." The court cited U.S. Bank's heavy-handed tactics during Rabkin's deposition as one reason Rabkin simply may not have "be[en] interested in dealing with the people who made the offer." Finally, the court noted that Bartlett had not asked Rabkin to vote in favor of Lakeridge's reorganization plan.

Although we may not have reached the same result as the bankruptcy court had we been sitting in its place, we cannot say the court's decision was clearly erroneous. U.S. Bank has not proven that Rabkin had ulterior motives for voting in favor of the confirmation plan. Nor has U.S. Bank proven that Rabkin was an

insider, such that Lakeridge acted in bad faith by assigning Rabkin the claim. Therefore, the BAP's holding, affirming the bankruptcy court's decision on bad faith, is **AFFIRMED**.